IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONN TODD,                                    No. CIV.S-05-0755 DFL DAD PS

      Plaintiff,

  v.                                              <u>ORDER</u>

CAPTAIN CHRIS DAY, et al.,

      Defendants.
_____/

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

      The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any

1

1 time if it determines the allegation of poverty is untrue, or if the
2 action is frivolous or malicious, fails to state a claim on which
3 relief may be granted, or seeks monetary relief against an immune
4 defendant.

5 A claim is legally frivolous when it lacks an arguable
6 basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319,
7 325, 109 S. Ct. 1827, 1831-32 (1989); Franklin v. Murphy, 745 F.2d
8 1221, 1227-28 (9th Cir. 1984). Under this standard, a court shall
9 dismiss a claim as frivolous where it is based on an indisputably
10 meritless legal theory or where the factual contentions are clearly
11 baseless. See Neitzke, 490 U.S. at 327, 109 S. Ct. at 1833; see also
12 28 U.S.C. § 1915(e).

13 A complaint, or portion thereof, should only be dismissed
14 for failure to state a claim upon which relief can be granted if it
15 appears beyond doubt that the plaintiff can prove no set of facts in
16 support of the claim or claims that would entitle him to relief.
17 Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232
18 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99,
19 102 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d
20 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this
21 standard, the court must accept as true the allegations of the
22 complaint. Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738,
23 740, 96 S. Ct. 1848, 1850 (1976). Furthermore, the court must
24 construe the pleading in the light most favorable to the plaintiff,
25 and resolve all doubts in the plaintiff's favor. See Jenkins v.
26 McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969).

1  The court finds the allegations in the complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

Plaintiff's complaint fails to meet these requirements. While the complaint is difficult to decipher, the named defendants include the Los Rios Community College School District Police Department, its Chief of Police Rickey Jones and Captain Chris Day. Also named are the Los Rios Community College School District and Marie B. Smith and Celia Esposito-Noy, employees of the district. The complaint appears to arise out of an alleged crime at American River College,[1] where plaintiff apparently was a student. The complaint alleges that plaintiff witnessed an individual identified as "Mr. Soltyz" assault his wife, "Mrs. Soltyz," with a dangerous weapon. According to the complaint, plaintiff attempted to make a report to responding American River College police officers but was rebuffed as a result of what the complaint characterizes as "police

---

[1] American River College is one of the colleges within the defendant district.

3

misconduct." While plaintiff ultimately was able to make a report of the alleged assault, he next became frustrated with the actions of defendants Jones, Day, Smith and Esposito-Noy as he attempted to report the alleged misconduct by the American River College police officer. In this regard the complaint contains only hodge-podge allegations of harassment, retaliation, invasion of privacy, concealment of a crime, criminal misconduct, conspiracy, and the like. However, other than these general assertions the precise nature of plaintiff's intended claims are unclear. Thus, the court finds that the complaint's allegations do not amount to a short plain statement of a claim showing that plaintiff is entitled to relief or set forth any factual allegations giving rise to federal jurisdiction. See Fed. R. Civ. P. 8(a)(1), (2).

   The court recognizes that the complaint makes reference to 42 U.S.C. § 1983 and various constitutional rights (and an assortment of other federal and state statutes). However, to the extent plaintiff is attempting to bring a § 1983 action the complaint does not allege how the conduct complained of has resulted in a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Lopez v. Dept. of Health Serv., 939 F.2d 881, 883 (9th Cir. 1991). The Civil Rights Act provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party

4

>     injured in an action at law, suit in equity, or
>     other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel such as Chief of Police Rickey Jones and Captain Chris Day are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u>.  Therefore, when a named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989)(citing <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 680-81 (9th Cir. 1984)).  Vague and conclusory allegations concerning the involvement of official

5

personnel in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Because of these deficiencies, plaintiff's complaint must be dismissed.  Nonetheless, the court will grant leave to file an amended complaint.  If plaintiff chooses to amend the complaint, he must set forth the grounds upon which the court's jurisdiction depends.  Moreover, the amended complaint must include clear and concise factual allegations describing the events which underlie plaintiff's claims.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Any amended pleading which fails to provide the necessary factual description will likely be dismissed.

Plaintiff is forewarned that the failure to file an amended complaint which complies with this order will result in a recommendation that this action be dismissed.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

6

1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

2.  Plaintiff's complaint is dismissed; and

3.  Plaintiff is granted twenty (20) days from the date of service of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint, if any, must bear the docket number assigned this case and must be labeled "Amended Complaint". Plaintiff must file an original and two copies of the amended complaint.

IT IS SO ORDERED.

DATED: June 23, 2005.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.prose\todd0755.ifp.lta