1  Don A. Todd Pro Se

2  3841 Lankershim way

**FILED**

3  North Highlands Ca 95660

**JUL 1 3 2005**

4  (916) 331-2277

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

5

BY_____

In The United States District Court for

6

7  The Eastern District of California

8

9  Don A. Todd Pro Se,                          ) Case No.:    0 5  C iv  755 DFL DAD
                                                )
10            Plaintiff,                         ) AMENDED COMPLAINT FOR DAMAGES
                                                ) (Title 5 U.S.C. sec. 552 a; Title 42 U.S.C. sec.
11       vs.                                    ) 1983, 1981, 1985, 1988) (California Civil
                                                ) Code sec. 1798.53, 3294)(common law)
12  Captain Chris Day, Chief of Police Rickey   ) COMPLAINT FOR DECLARATORY
                                                ) RELIEF
13  Jones, Los Rios Community College School    ) (Title 42 U.S.C. 1981)
                                                ) COMPLAINT FOR INJUNCTIVE RELIEF
14  District Police Department, Marie B. Smith, ) (California Civil Code sec. 1798.47)

15  Celia Esposito-Noy, Los Rios Community

16  College School District,

17  4700 College Oak Drive

18  Sacramento Ca 95841,

19            Defendants

20

21  Plaintiff demands a Jury Trial as guaranteed by California Constitution Article 1 sec. 16, federal

22  rules of civil procedure, Rule 38(b), for all issues pled so triable.

23

24  Plaintiff alleges to the best of his knowledge and belief:

25

26

Todd v. Captain Chris Day - 1

1) Jurisdiction is conferred upon this court pursuant to Title 28 U.S.C. 1331, and Title 28 U.S.C. section 1343 because the matters in controversy arise under the Constitution and laws of the United States. This court has supplemental jurisdiction to hear the state claims of Plaintiff Don Todd under Title 28 U.S.C. section 1367(a).

2) Venue is proper in this court under Title 28 U.S.C. section 1391(b) because all of the events that gave rise to Plaintiff's claims took place within the Eastern Division of the District of California.

3) Plaintiff has complied with the requirements of California Law waiving sovereign immunity by filing two claims with Los Rios Community College School District after attempting to exhaust state remedies and discovery of facts, California Civil Code section 1798.49, {Federal time limits apply to federal rights and issues of claim's timeliness}Williams v. Horvath 129 Cal.Rptr. 453(Cal. 1976); {Fraudulent Concealment}Kane v. Cook 8 Cal. 449(Cal. 1857). In Monroe ET AL v. Pape ET AL 81 S.Ct. 473(Illinois 1960), {"it provides a federal remedy where the state remedy, though adequate in theory, is not available in practice"}.

4) This is an action brought for deprivation of rights under California Constitution Article 1 sec. 1 and 7 (a), 1st,5th and 14th Amendments to the Constitution of the United States ,Title 42 U.S.C. sec. 1981, Title 5 U.S.C. sec. 552 a), Title 42 U.S.C. sec. 1983, 1985(3), California Civil Code section 1708, 1798.45, 1798.53, 3281, 3523, 3294, and common law.

5) Plaintiff, Don Todd Pro Se, is and at all times mentioned in this complaint was a citizen of the United States, and a resident of Sacramento County, California.

6) Defendant, Chief of Police Rickey Jones, was at all times mentioned in this complaint an Employee of the Los Rios Community College School District, a member of the Los Rios Community College School District Police Department, and acting under the color of state law.

7) Defendant, Captain Chris Day, was at all times mentioned in this complaint an Employee of the Los Rios Community College School District, a member of the Los Rios Community College School District Police Department, and acting under the color of state law.

8) Defendant, Marie B. Smith, was at all times mentioned in this complaint an Employee of the Los Rios Community College School District and acting under the color of state law.

9) Defendant, Celia Esposito-Noy, was at all times mentioned in this complaint an Employee of the Los Rios Community College School District and acting under the color of state law.

10) Defendant, Chief of Police Rickey Jones, is sued in his individual capacity.

11) Defendant, Captain Chris Day, is sued in his individual capacity.

12) Defendant, Marie B. Smith, is sued in her individual capacity.

13) Defendant, Celia Esposito-Noy, is sued in her individual capacity.

14) Defendant Los Rios Community College School District Police Department is sued as a government agency, and is a part of Los Rios Community College School District; U.S. code Title 42 sec. 1981; 14th Amendment of the U.S. Constitution.

15) Defendant Los Rios Community College School District is sued as a government agency; U.S. code Title 42 sec. 1981; 14th Amendment of the U.S. Constitution.

Statement (not exhaustive as all incidents to many to list)

First statement

16) On 20th August 2001, the first Monday of the semester that Soltyz murdered his family, Mr. Soltyz had his wife pinned on the ground and threatened her with a dangerous weapon, Cal. Penal Code sec. 245 a) (1), between 11:50am and 12 noon when Plaintiff, Don Todd intervened to save Mrs. Soltyz's life in front of multiple witnesses, Sacramento County Sheriff report # 187-PC 0169534. Mrs. Soltyz talked to Don Todd after Mr. Soltyz left the campus, at least two people witnessed Mrs. Soltyz speaking to Don Todd on the 20th of August 2001. On the 22nd of August 2001 an American River College officer, John Doe 1, was filling out a report and talking to the people that saw the incident with Mr. Soltyz on the first day of school, and the weapon(potato peeler). One witness was an older lady that teaches keyboarding at American River College, and she said to the American River College officer, "That's him there he is you should talk to him he spoke with her". The American River College cop, John Doe 1, said, "If I talk to him then I will have to fill out a report, and I do not want to do that. Some of the staff here at A.R.C. have been trying to get rid of him and that would make it more difficult". The typing instructor repeated that she saw me, Don Todd, speak with her.

Second statement

17) On or about the middle of October 2001 Don Todd, after repeatedly trying, finally gave a statement to Detective Will Bayles, Soltyz Murder Report #187-PC 0169534, and Don Todd complained about the criminal misconduct of John Doe 1 during the active murder investigation. Don Todd obtained the Soltyz murder report #187-PC 0169534 from Detective Will Bayles at

that time. Detective Will Bayles was on campus with Don Todd when the interview occurred. Detective Will Bayles was in possession of the Soltyz Murder report, and Will Bayles told Don Todd that he would walk over to the campus police department immediately after the interview to notify campus police and gather information. Detective Will Bayles told Don Todd that American River College was the place to complain to during the active murder investigation while Mr. Soltyz was alive and in custody at Sacramento County Sheriff's Jail. Don Todd complained repeatedly to American River College even sending a registered letter to Marie B. Smith president of American River College during the active murder investigation on or about 29th March 2002. Gary Emery told Don Todd to change what you are saying or you can not be in my class, and then suspended Don Todd from class for 1 week on or about the last week of October 2001 for refusing to alter testimony during an active murder investigation. Don Todd contacted Deputy District Attorney's investigator Mark Rawl to seek intervention of the court. Don Todd was lied to repeatedly and told that he would be contacted to make a full complaint to deny the possibility of a timely claim. Don Todd was told John Doe 1 was not an employee of Los Rios Community College Police Department. Don Todd repeatedly complained and acted in good faith.

Third statement

18) Don Todd contacted Mark Rawl through the DA's office to report Soltyz incident at American River College. After contact with Mark Rawl, a man that called himself "Marcus" first contacted Don Todd on or about the last week of October 2001 in the basement of the library at American River College, about Gary Emery. "Marcus" was clearly interacting with Los Rios Community College District Employees. "Marcus" would not show his identification upon request from Don Todd. "Marcus" was a bald headed black man with an athletic build approximately 40'ish, and "Marcus" claimed to be a Muslim. "Marcus" claimed to have the

1 power to prosecute under the law. "Marcus" claimed to have been a student at American River
2 College, and taken a physics class there previously.

3

4 Fourth Statement

5 19) "Marcus" knew information that Don Todd told only Detective Will Bayles and Mark Rawl
6 including harassment from the International Brotherhood of Electrical Workers. "Marcus"
7 requested and was given information from Don Todd to confirm reliability. "Marcus" asked if
8 Don Todd had done anything like this before referring to helping save Mrs. Soltyz, and Don
9 Todd told "Marcus" about saving a little girl from a drug dealer's vicious dog. Shortly thereafter
10 a grownup version of the child Don Todd had rescued appeared in the basement of the library at
11 American River College weeping uncontrollably. Don Todd's statements were being
12 investigated, and Mark Rawl is and was the Deputy District Attorney's investigator.

13

14 Fifth Statement

15 20) "Marcus" asked for more. Don Todd told "Marcus" about a man named something like
16 "Capracetti", not sure of spelling, as told to Don Todd by "Capracetti". Don Todd met
17 "Capracetti" while working with "Capracetti" for Labor Ready. "Capracetti" was a former
18 correctional officer, and paratrooper in the U.S. military. While acting as a correctional officer
19 "Capracetti" was stabbed on more than one occasion. "Capracetti" was stabbed in the right butt
20 cheek by an Aryan Brotherhood member while a correctional officer, and told "back off or the
21 next time it will be in the fuckin neck", said "Capracetti". "Capracetti" backed off and slowly
22 over time started working with the Aryan Brotherhood. Later "Capracetti" became the computer
23 programmer that had set up a forgery operation for the Aryan Brotherhood on or about the
24 summer of 2001. "Capracetti" wrote a computer program to reformat the hard drive upon entry
25 of a password no matter what the computer was running. When Law enforcement busted the
26 summer of 2001 operation the program destroyed some evidence on the hard drive. "Capracetti"

1   told Don Todd that he got all the methamphetamine he wanted, while present with the

2   equipment, and a large amount of money each week. The forgery operation of 2001 was operated

3   by four women and "Capracetti" at first. The four women were the wives and girl friends of the

4   leadership of the Aryan Brotherhood. "Capracetti" told Don Todd that he personally knew and

5   dealt with some leaders of the Aryan Brotherhood. "Capracetti" told Don Todd that he knew one

6   of the leaders of the Aryan Brotherhood that had participated in a murder in Sacramento in which

7   an informer was put on a light pole. "Capracetti" told Don Todd that the Aryan Brotherhood was

8   setting up a new operation with an organized Mexican group. "Capracetti" told Don Todd that if

9   you tell on me I will come after you when I get out. Don Todd gave "Marcus" information about

10  "Capracetti", the Aryan Brotherhood, and the organized Mexican group during the active Soltyz

11  murder investigation while Soltyz was alive and in custody at Sacramento County Jail. The

12  information lead to major felony arrests participated in by Sacramento County Sheriffs in a

13  forgery operation of the Aryan Brotherhood, and an organized Mexican group that had joined

14  with the Aryan Brotherhood's forgery operation, and other crimes. Plaintiff is afraid for his

15  personal safety.

16

17                                         Sixth statement

18  21) "Marcus" hinted about a reward, and asked what Don Todd wanted. Don Todd requested that

19  if there was a reward that the reward be given to Loaves and Fishes anonymously. Don Todd

20  requested that a black officer be in on the arrests, and said that would be my idea of justice.

21  Within a relatively short period of time a black member of the Sacramento County Sheriff's

22  office appeared in the basement of American River College Library. The black officer greatly

23  resembled Lou Fatur, not sure of spelling. Sometime later a black officer greatly resembling Lou

24  Fatur appeared on television talking about the arrest of the Aryan Brotherhood, and the strange

25  involvement of Hispanic individuals.

26

1

#### Seventh statement

2    22) Finally on or about 21st October 2003 Don Todd made a complaint to Sacramento County

3    Sheriff Department of internal affairs. Sheriff Lou Blanas replied later in a letter and told Don

4    Todd to complain to American River College. On 27th February 2004 Don Todd requested in

5    writing a copy of all personal school records from the associate vice president Celia Esposito-

6    Noy, and complained of criminal conduct of officer John Doe 1. Don Todd submitted a "Request

7    to review student records" form on 4th March 2004, and Don Todd informed Celia Esposito-Noy

8    that President Marie B. Smith had some records too. Records including and related to a notarized

9    complaint of criminal conduct sent to Marie B. Smith were withheld from Don Todd by Celia

10    Esposito-Noy.

11

#### Eighth statement

12    23) Don Todd complained again, and a new meeting was arranged with Marie B. Smith, Captain

13    Chris Day, and Celia Esposito-Noy for 24th March 2004. At the meeting Marie B. Smith told

14    Don Todd that some law enforcement officer came to the office and took a part of Don Todd's

15    school record. The incident occurred with out Don Todd's permission and Marie B. Smith

16    refused to disclose who this officer was. Marie B. Smith stated that no subpoena was used to

17    obtain the portions of the record, a violation of California Education Code sec. 76243. Marie B.

18    Smith also refused Don Todd the right to view the record log to find out who had taken a portion

19    of Don Todd's record, when the materials were taken and for what reason and purpose.

20

21

#### Ninth statement

22    24) On March 24th 2004 Captain Chris Day told Don Todd that no crime had occurred by Mr.

23    Soltyz at American River College, a blatantly false statement. Don Todd was finally given an

24    opportunity to file a complaint against officer John Doe 1 in April 2004 for the first time. On

25    June 10th 2004 in a meeting with Captain Chris Day and Chief of Police Rickey Jones Don Todd

26    discussed the complaint. Don Todd told Captain Chris Day and Chief of Police Rickey Jones that

the police misconduct occurred on the first Wednesday of the semester between 11:50am and 12 noon in front of the business area at American River College in front of multiple witnesses that had witnessed Soltyz's assault on his wife with the potato peeler on the first Monday of the semester between 11:50am and 12 noon. Chief of Police Rickey Jones read from what he said was the Soltyz murder report in the presence of Don Todd at the meeting. Chief of Police Rickey Jones said that the dates of the incident with Soltyz were in the report he was reading. I told Captain Chris Day and Chief of Police Rickey Jones that the keyboarding instructor had identified me, Don Todd, in front of multiple witnesses including the American River College Policeman, John Doe 1, that obstructed the Soltyz murder investigation and blocked Don Todd's testimony while Mr. Soltyz was in flight from justice with his live son. Captain Chris Day and Chief of Police Rickey Jones told Don Todd that an "Informational report" had been filed by a Los Rios Community College Police officer, but refused to allow Don Todd to view or obtain a copy of the "informational report". One uniformed policeman, John Doe 1, and only one uniformed policeman was present in front of the business area at American River College 11:50am – 12 noon on August 22nd 2001 taking information from crime scene witnesses of the crime Mr. Soltyz had committed on 20th August 2001. Captain Chris Day and Chief of Police Rickey Jones had an affirmative duty to show Don Todd the crime report, Title 20 U.S.C. sec. 1092 and California Education Code 67380, yet the crime report was concealed from Don Todd along with the identity of John Doe 1 and crime itself. Captain Chris Day and Chief of Police Rickey Jones were in possession of the Soltyz Murder report on 10th June 2004. Don Todd was told by Captain Chris Day that the Sacramento County Sheriff's Department sent the report to them. On 10th June 2004 Don Todd discovered that concealing the felony crime committed by Mr. Soltyz on 20th August 2001 was used willfully and with wanton disregard for the rights of others to deprive Don Todd of his civil rights by John Doe 1, Captain Chris Day, and Chief of Police Rickey Jones.

Todd v. Captain Chris Day - 9

1

2                                          Allegations

3

4                                        First Allegation

5    25) Plaintiff realleges paragraph 22. Celia Esposito – Noy did violate California Education Code

6    76230{right of absolute access to student records}, an overt act. Celia Esposito – Noy acted to

7    conceal wrong doing to aid Marie B. Smith in a conspiracy to deprive Don Todd of equal

8    protection under the law{$14^{th}$ Amendment of United States Constitution}, and cover up crime on

9    campus. Celia Esposito – Noy also violated Title 20 U.S.C. sec. 1232g).

10

11                                      Second Allegation

12   26) Plaintiff realleges paragraph 22 and 23. Celia Esposito – Noy did act to deprive Don Todd

13   of the right to sue by concealing missing parts of school record held by Marie B. Smith. Right to

14   sue is guaranteed by 14th Amendment of the United States Constitution.

15

16                                       Third Allegation

17   27) Plaintiff realleges paragraph 22. Celia Esposito – Noy did act to deprive Don Todd of due

18   process {$5^{th}$ Amendment of United States Constitution} by withholding the reason for the

19   suspension from Gary Emery's class on or about the last week of October 2001.

20

21                                      Fourth Allegation

22   28) Plaintiff realleges paragraph 16, 17, 23 and 24. Captain Chris Day had the Sacramento

23   County Sheriff's Soltyz murder report, yet he continued to contend that no crime had occurred

24   on the first day of the fall semester 2001 with respect to the Soltyz incident. August 20th 2001

25   was the date of the criminal incident with Mr. Soltyz. The incident in part involved Mr. Soltyz

26   pinning his wife to the ground and threatening her with a dangerous weapon (Cal. Penal Code

                              Todd v. Captain Chris Day - 10

245 a)(1)) in front of several witnesses. A reasonable person would know that a crime had occurred when a young woman is forcibly pinned to the ground and threatened with a dangerous weapon. Captain Chris Day acted knowingly and willfully to conceal crime to deprive Don Todd of equal protection under the law. 14th Amendment of the United States Constitution, and California Constitution Article 1 sec. 7 (a).

## Fifth Allegation

29) Plaintiff realleges paragraph 28. Captain Chris Day acted knowingly and willfully to conceal the identity and employment relationship of John Doe 1 to deprive Don Todd of the right to sue as guaranteed by the 14th Amendment of the United States Constitution.

## Sixth Allegation

30) Plaintiff realleges paragraph 28. Captain Chris Day acted knowingly and willfully to conceal crime to deprive Don Todd of the right to petition the government for redress of grievances as guaranteed by the 1st Amendment of the United States Constitution.

## Seventh Allegation

31) Plaintiff realleges paragraph 24. Chief of Police Rickey Jones acted knowingly and willfully to conceal the identity and employment relationship of John Doe 1 to deprive Don Todd of the right to sue as guaranteed by the 14th Amendment of the United States Constitution.

## Eighth Allegation

32) Plaintiff realleges paragraph 24. Chief of Police Rickey Jones acted knowingly and willfully to conceal crime to deprive Don Todd of the right to petition the government for redress of grievances as guaranteed by the 1st Amendment of the United States Constitution.

## Ninth Allegation

33) Plaintiff realleges paragraph 24. Chief of Police Rickey Jones read from the Soltyz murder report in the presence of Don Todd, yet Chief of Police Rickey Jones choose to aid in the concealment of crime to cover-up criminal police misconduct. Chief of Police Rickey Jones acted knowingly and willfully to deprive Don Todd of equal protection under the law as guaranteed by the 14th Amendment of the United States Constitution.

## Tenth Allegation

34) Plaintiff realleges paragraph 23. Marie B. Smith released items of information from Don Todd's student record without a subpoena, an overt act in violation of California Education Code sec. 76243. Marie B. Smith conspired with John Doe 1 by concealing the reason for the suspension from Gary Emery's class and concealing complaints from 2001 and 2002 of criminal misconduct of John Doe 1. Concealing crime is evil intent. {conspiracy is combination between 2 or more persons by concerted action}Pettibone v. United States 13 S.Ct. 542(Idaho 1893); {conspiracy to common end}People v. Sac. Butcher's Pro. Ass'n 107 P 712(Cal. 1910); {conspiracy evil purpose or intent} People v. Talbott 151 P.2d 296(Cal. 1944); {conspiracy may be formed without simultaneous action or agreement}Int. State Cir. V. U.S. 59 S.Ct. 467(Texas 1939)

## Eleventh Allegation

35) Plaintiff realleges paragraph 23. Marie B. Smith released items of information from Don Todd's student record without a subpoena violating Don Todd's privacy without due process guaranteed by the 5th Amendment of the U.S. constitution. The "Invasion of Privacy" was to conceal criminal wrong doing of John Doe 1 and wrong doing of Gary Emery by not requiring a subpoena from the party and on the record as is required by California Education Code 76243.

Todd v. Captain Chris Day - 12

1

Twelfth Allegation

2

36) Plaintiff realleges paragraph 23. Marie B. Smith acted knowing and willfully to deprive Don

3

Todd of the right to sue as guaranteed by the 14th Amendment of the U.S. constitution by

4

concealing and covering up crime.

5

Prayers for relief

6

7

First claim for relief

8

37) Plaintiff alleges paragraph 28, 29, and 30. Plaintiff seeks an injunction ordering a written

9

apology from Captain Chris Day containing a relevant reference to the concealment of crime and

10

the violations of the 14th and 1st amendments of the United States Constitution regarding Don

11

Todd to be presented to Don Todd and published electronically and in print in all Los Rios

12

Community College Schedule of classes for 5 consecutive years. Exact wording to be stipulated

13

by Don Todd with the approval of the Jury. Action is sought under the 14th amendment of the

14

U.S. Constitution, Title 42 U.S.C. sec. 1981, and California Constitution Article 1 sec. 7 (a).

15

16

Second claim for relief

17

38) Plaintiff alleges paragraph 31, 32, and 33. Plaintiff seeks an injunction ordering a written

18

apology from Chief of Police Rickey Jones containing a relevant reference to the concealment of

19

crime and the violations of the 14th and 1st amendments of the United States Constitution

20

regarding Don Todd to be presented to Don Todd and published electronically and in print in all

21

Los Rios Community College Schedule of classes for 5 consecutive years. Exact wording to be

22

stipulated by Don Todd with the approval of the Jury. Action is sought under the 14th amendment

23

of the U.S. Constitution, Title 42 U.S.C. sec. 1981, and California Constitution Article 1 sec. 7

24

(a).

25

26

Third claim for relief

39) Plaintiff alleges paragraph 28. Captain Chris Day violated plaintiff's right to sue guaranteed by Fourteenth Amendment to the United States Constitution. Plaintiff seeks compensatory damages as the court may deem fit upon proof at trial for violation of Constitutional Rights under Title 42 U.S.C. sec. 1983 and {"it should be emphasized that the violation of a constitutional right, in proper cases, may itself constitute a compensable injury."} Memphis Cmty. Sch. Dist. V Stachura 477 U.S. 299(Michigan 1986); The Supre Chief of Police Rickey Jones violated plaintiff's right to sue guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiff seeks compensatory damages as the court may deem fit upon proof at trial for violation of Constitutional Rights under Title 42 U.S.C. sec. 1983 and {"it should be emphasized that the violation of a constitutional right, in proper cases, may itself constitute a compensable injury."} Memphis Cmty. Sch. Dist. V Stachura 477 U.S. 299(Michigan 1986); The Supreme Court said, {"a compensatory award will be appropriate" if the officer "took the action with the malicious intention to cause a deprivation of constitutional rights or other injury"} in Wood ET AL V. Strickland, 420 U.S. 308, 322(Arkansas 1975).

violated plaintiff's right to sue guaranteed by Fourteenth Amendment to the United States Constitution. Plaintiff seeks compensatory damages as the court may deem fit upon proof at trial for violation of Constitutional Rights under Title 42 U.S.C. sec. 1983 and {"it should be emphasized that the violation of a constitutional right, in proper cases, may itself constitute a compensable injury."} Memphis Cmty. Sch. Dist. V Stachura 477 U.S. 299(Michigan 1986); The Supreme Court said, {"a compensatory award will be appropriate" if the officer "took the action with the malicious intention to cause a deprivation of constitutional rights or other injury"} in Wood ET AL V. Strickland, 420 U.S. 308, 322(Arkansas 1975).

me Court said, {"a compensatory award will be appropriate" if the officer "took the action with the malicious intention to cause a deprivation of constitutional rights or other injury"} in Wood ET AL V. Strickland, 420 U.S. 308, 322(Arkansas 1975).

1

2                                    Fourth claim for relief

3   40) Plaintiff alleges paragraph 28. Captain Chris Day violated plaintiff's right to petition the

4   government for redress of grievances guaranteed by the First Amendments to the United States

5   Constitution. Plaintiff seeks compensatory damages as the court may deem fit upon proof at trial

6   for violation of Constitutional Rights under Title 42 U.S.C. sec. 1983 and {"it should be

7   emphasized that the violation of a constitutional right, in proper cases, may itself constitute a

8   compensable injury."} Memphis Cmty. Sch. Dist. V Stachura 477 U.S. 299(Michigan 1986);

9   The Supreme Court said, {"a compensatory award will be appropriate" if the officer "took the

10  action with the malicious intention to cause a deprivation of constitutional rights or other

11  injury"} in Wood ET AL V. Strickland, 420 U.S. 308, 322(Arkansas 1975).

12

13                                    Fifth claim for relief

14  41) Plaintiff alleges paragraph 31. Chief of Police Rickey Jones violated plaintiff's right to sue

15  guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiff seeks

16  compensatory damages as the court may deem fit upon proof at trial for violation of

17  Constitutional Rights under Title 42 U.S.C. sec. 1983 and {"it should be emphasized that the

18  violation of a constitutional right, in proper cases, may itself constitute a compensable injury."}

19  Memphis Cmty. Sch. Dist. V Stachura 477 U.S. 299(Michigan 1986); The Supreme Court said,

20  {"a compensatory award will be appropriate" if the officer "took the action with the malicious

21  intention to cause a deprivation of constitutional rights or other injury"} in Wood ET AL V.

22  Strickland, 420 U.S. 308, 322(Arkansas 1975).

23                                    Sixth claim for relief

24  42) Plaintiff alleges paragraph 32. Chief of Police Rickey Jones violated plaintiff's right to

25  petition government for redress of grievances as guaranteed by the 1st Amendment to the United

26  States Constitution. Plaintiff seeks compensatory damages as the court may deem fit upon proof

at trial for violation of Constitutional Rights under Title 42 U.S.C. sec. 1983 and {"it should be emphasized that the violation of a constitutional right, in proper cases, may itself constitute a compensable injury."} Memphis Cmty. Sch. Dist. V Stachura 477 U.S. 299(Michigan 1986); The Supreme Court said, {"a compensatory award will be appropriate" if the officer "took the action with the malicious intention to cause a deprivation of constitutional rights or other injury"} in Wood ET AL V. Strickland, 420 U.S. 308, 322(Arkansas 1975).

## Seventh claim for relief

43) Plaintiff alleges paragraph 28 – 33. Plaintiff seeks an injunction against Los Rios Community College School District Police Department ordering a written apology to Don Todd regarding the willful and wanton disregard for the rights of Don Todd. Exact wording to be stipulated by Don Todd with the approval of the Jury. The apology is to be published in the schedule of classes electronically and in print for all of the Los Rios Community College School District for 5 years along with methods of complaining against any and all misconduct by Los Rios Community College District employees. Action is taken under Title 42 U.S.C. sec. 1981, and 14th Amendment of U.S. constitution.

## Eighth claim for relief

44) Plaintiff alleges paragraph 34. Plaintiff seeks punitive damages against Marie B. Smith as the court may deem proper under Title 42 U.S.C. sec. 1985(3).

## Ninth claim for relief

45) Plaintiff alleges paragraph 36. Marie B. Smith violated plaintiff's right to sue guaranteed by Fourteenth Amendment to the United States Constitution. Plaintiff seeks compensatory damages as the court may deem fit upon proof at trial for violation of Constitutional Rights under Title 42 U.S.C. sec. 1983 and {"it should be emphasized that the violation of a constitutional right, in proper cases, may itself constitute a compensable injury."} Memphis Cmty. Sch. Dist. V

1  Stachura 477 U.S. 299(Michigan 1986); The Supreme Court said, {"a compensatory award will
2  be appropriate" if the officer "took the action with the malicious intention to cause a deprivation
3  of constitutional rights or other injury"} in Wood ET AL V. Strickland, 420 U.S. 308,
4  322(Arkansas 1975).

5

6  Tenth claim for relief

7  46) Plaintiff alleges paragraph 35. Marie B. Smith did violate Don Todd's right to privacy,
8  guaranteed by Title 5 section 552 a), California Civil Code section 1798.53, and California
9  Constitution Article 1 sec. 1. Marie B. Smith acted willfully and with wanton disregard for the
10 rights of others. Plaintiff seeks compensatory damages as the court may deem fit upon proof at
11 trial for violation of the state Constitutional Right of Privacy. The Supreme Court said, {"it
12 should be emphasized that the violation of a constitutional right, in proper cases, may itself
13 constitute a compensable injury."} in Memphis Cmty. Sch. Dist. V. Stachura 477 U.S.
14 299(Michigan 1986); {privacy test}Jeffery H. V. Imai,Tadlock&Keeney 101 Cal.Rptr.2d 916,
15 920(Cal. 2000).

16

17 Eleventh claim for relief

18 47) Plaintiff alleges paragraph 35. Plaintiff seeks punitive damages against Marie B. Smith as the
19 court may deem proper under California Civil Code sec. 1798.53 which makes punitive damages
20 mandatory.

21

22 Twelfth claim for relief

23 48) Plaintiff alleges paragraph 25. Plaintiff seeks punitive damages against Celia Esposito-Noy
24 as the court may deem proper under Title 42 U.S.C. sec. 1985(3).

25

26

Todd v. Captain Chris Day - 17

Thirteenth claim for relief

49) Plaintiff alleges paragraph 25 – 27 and 34 – 36. Plaintiff seeks an injunction against Los Rios Community College School District ordering an apology to Don Todd regarding the willful and wanton disregard for the rights of Don Todd. Exact wording to be stipulated by Don Todd with the approval of the Jury. The apology is to be placed in Don Todd's Los Rios Community College School Record to correct accuracy and relevancy of the record. Action is taken under California Civil Code section 1798.47, and Title 42 U.S.C. sec. 1981

Fourteenth claim for relief

50) Plaintiff alleges paragraph 46. Plaintiff seeks a permanent injunction barring the release directly or indirectly of any private information concerning Don Todd by any and all employees of the Los Rio Community College School District including but not limited to Marie B. Smith under California Civil Code section 1798.47, and Title 5 U.S.C. section 552 a).

Fifteenth claim for relief

51) Plaintiff alleges paragraph 46. Plaintiff seeks a permanent injunction ordering the surrender of any private information held concerning Don Todd by any employees of the Los Rio Community College School District under seal of the court under California Civil Code section 1798.47, and Title 5 U.S.C. section 552 a).

Sixteenth claim for relief

52) Plaintiff respectfully requests that the court award Plaintiff punitive damages in such other amount as the jury may determine is sufficient to punish them for and deter others from committing the constitutional and state violations alleged in this complaint pursuant to California Civil Code section 3294, 1798.53, and {Punitive damages for 14th amendment violations ok} Mansell v. Saunders 372 F.2d 573(Florida 1967); {Punitive damages ok even without

Todd v. Captain Chris Day - 18

1  compensatory damages} Gordon v. Norman 788 F.2d 1194(Tennessee 1986); {Punitive

2  Damages for Title 42 sec. 1983 ok for evil motive or intent} Smith v. Wade 461 U.S.

3  30(Missouri 1983).

4

5  Fourteenth claim for relief

6  53) Plaintiff requests an award of his costs, expenses, and reasonable attorney's fees pursuant to,

7  inter alia, Title 42 U.S.C. section 1988 and other federal or state laws; and grant such other and

8  further relief as the court may deem just and proper.

9

10  Dated this  13 July 2005

11  Signed by  Don A. Todd

Don A Todd Pro Se
3841 Lankershim way
North Highlands CA 95660

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS Don A. Todd

**DEFENDANTS** Captain Chris Day ET AL

**(b)** County of Residence of First Listed Plaintiff **SACrAmento**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Don A. Todd, PRo PE
3841 Landarshim WAY
North Highlands CA. 95660

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaint and One Box for Defendant)
(For Diversity Cases Only)

|  | PEF | DEF |  | PEF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN Amended complaint (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Civil Rights Title 42 U.S.C. sec. 1981, Title 42 U.S.C. sec. 1983, Title 5 U.S.C. sec 552a)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE DFL DAD

DOCKET NUMBER 2:05 5-05-999 DFL DAD

DATE 13 July 2005

SIGNATURE OF ATTORNEY OF RECORD Don A.-Todd

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Attachment 2