IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONN TODD, | No. CIV.S-05-0755 DFL DAD PS |
| Plaintiff, | |
| v. | ORDER AND |
| | FINDINGS AND RECOMMENDATIONS |
| CAPTAIN CHRIS DAY, et al., | |
| Defendants. | |
| _____/ | |

        Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. By prior order the court dismissed plaintiff's complaint with leave to amend. Plaintiff has now filed an amended complaint.

        As the undersigned previously advised plaintiff, the in forma pauperis statute authorizes the court to dismiss a case if the court determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous

1

1  when it lacks an arguable basis either in law or in fact.  <u>Neitzke v.
2  Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d
3  1221, 1227-28 (9th Cir. 1984).  Under this standard, a court shall
4  dismiss a claim as frivolous where it is based on an indisputably
5  meritless legal theory or where the factual contentions are clearly
6  baseless.  <u>See</u> <u>Neitzke</u>, 490 U.S. at 327; <u>see</u> <u>also</u> 28 U.S.C. §
7  1915(e).

8         A complaint, or portion thereof, should only be dismissed
9  for failure to state a claim upon which relief can be granted if it
10 appears beyond doubt that the plaintiff can prove no set of facts in
11 support of the claim or claims that would entitle him to relief.
12 <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v.
13 Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log
14 Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
15 complaint under this standard, the court must accept as true the
16 allegations of the complaint.  <u>Hospital Bldg. Co. v. Rex Hosp.
17 Trustees</u>, 425 U.S. 738, 740 (1976).  Furthermore, the court must
18 construe the pleading in the light most favorable to the plaintiff,
19 and resolve all doubts in the plaintiff's favor.  <u>See</u> <u>Jenkins v.
20 McKeithen</u>, 395 U.S. 411, 421 (1969).

21        Plaintiff's difficult to decipher amended complaint is
22 subject to dismissal under these standards.  Liberally construed,
23 plaintiff's amended complaint is brought pursuant to 42 U.S.C. §
24 1983.  The named defendants, as in the initial complaint, are Los
25 Rios Community College School District Police Department, its Chief
26 of Police Rickey Jones and Captain Chris Day.  Also named as

2

defendants are the Los Rios Community College School District and district employees Marie B. Smith and Celia Esposito-Noy.  The allegations of the amended complaint arise out of an alleged crime at American River College, where plaintiff was a student.  Specifically, plaintiff alleges that he witnessed an individual identified as "Mr. Soltyz" assault his wife, "Mrs. Soltyz," with a potato peeler.  According to the amended complaint, plaintiff attempted to make a report to responding American River College police officers but was rebuffed as a result of one officer's desire not to deal with plaintiff.  While plaintiff ultimately was able to report the alleged assault, he next became frustrated with the actions of defendants Jones, Day, Smith and Esposito-Noy as he attempted to report the alleged misconduct by the American River College police officer.[1]

       Similar to the complaint originally filed in this action, the amended complaint contains scattered violations regarding harassment, invasion of privacy, concealment of a crime, conspiracy and the like.  The precise nature of plaintiff's intended claims remains unclear.  The amended complaint makes some attempt to allege a denial of the right to petition the government for the redress of a

---

[1] Liberally construed, plaintiff's amended complaint concerns the well-known case of Nikolai Soltys, an individual who was the subject of a major manhunt in Northern California in 2001 following the alleged murder of his pregnant wife, son and other relatives.  Mr. Soltys was apprehended in 2001 and died in the Sacramento County Jail while criminal proceedings were pending.  Although it is not entirely clear from plaintiff's pleadings, it appears that the crux of this action may be plaintiff's belief that the deaths of some of Soltys' family members would have been prevented if local authorities had timely and thoroughly responded to plaintiff's complaint regarding the incident that he alleges took place at American River College.

3

grievance under the First Amendment as well as the denial of the "right to sue" and "right to privacy" under the Fourteenth Amendment.[2]  However, just like the original complaint, the amended complaint does not specifically allege how the conduct complained of has resulted in plaintiff being deprived of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law.  L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Lopez v. Dept. of Health Serv., 939 F.2d 881, 883 (9th Cir. 1991).  No actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff is alleged.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

     The undersigned noted nearly identical deficiencies in the order dismissing plaintiff's original complaint.  In that order, plaintiff was forewarned that a failure to file an amended complaint complying with the court's directives would likely result in a recommendation that the action be dismissed.  As noted above, plaintiff's amended complaint is still deficient and the undersigned finds that it fails to state a claim upon which relief can be granted.  Moreover, in light of the deficiencies cited above, any further attempt to amend would be futile.  See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

/////

---

[2]  In this regard, the amended complaint prays for a published written apology and compensatory and punitive damages.

4

1  Accordingly, it is HEREBY ORDERED that plaintiff's August
2 22, 2005, and September 16, 2005, requests that the court direct the
3 United States Marshal to serve process in this case are denied.
4  IT IS HEREBY RECOMMENDED that plaintiff's amended complaint
5 be dismissed without further leave to amend.
6  These findings and recommendations are submitted to the
7 United States District Judge assigned to the case, pursuant to the
8 provisions of 28 U.S.C. § 636(b)(1).  Within twenty (20) days after
9 being served with these findings and recommendations, plaintiff may
10 file written objections with the court.  Such a document should be
11 captioned "Objections to Magistrate Judge's Findings and
12 Recommendations."  Plaintiff is advised that failure to file
13 objections within the specified time may waive the right to appeal
14 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th
15 Cir. 1991).
16 DATED: October 21, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20 DAD:th
Ddadl\orders.prose\todd0755.ac.f&r

5